## CIRCUIT COURT OF ARLINGTON COUNTY

John H. Shaw et al.

v.

Robert McLaughlin et al.

October 11, 1991

Case No. 91-315

By JUDGE BENJAMIN N. A. KENDRICK

This matter comes before the Court on the Petitioners' and Defendants' Cross Motions for Summary Judgment regarding the interpretation of restrictive covenants burdening a parcel of property owned by the petitioners in Section Two of the Country Club Hills subdivision. The facts of this case are not in dispute and have been stipulated to by the parties. Before the Court for consideration are the following issues related to the restrictive covenants:

1. Whether the "one-dwelling" covenant prohibits a dwelling from being built on lot 223A;

2. Whether the twenty-foot setback line should be measured from the street as built or from the street as platted;

3. Whether the restriction that any outbuilding be at least fifty feet from the street applies to a built-in garage;

4. Whether the minimum cost covenant applies.

Based upon the arguments of counsel and the submission of briefs, the Court grants the Petitioners' Motion for Summary Judgment, denies the Cross-Complainants' Motion

for Summary Judgment, and makes the following rulings on each of the four issues.

I. *The "one-dwelling" covenant does not prohibit a house from being built on lot 223A.*

The "one-dwelling" covenant pertinent to lots 222A and 223A provides the "not more than one dwelling or building occupied as such . . . shall be erected on the property . . . and not fewer than ten feet of side line of said lot." The Shaws acquired lots 222 and 223 in a single deed in 1979, and the defendants contend that the restriction applies to the Shaws' "property" as a whole, not to the individual lots. The Court finds, however, that the one-dwelling restriction applies to each individually platted lot.

The "one-dwelling" restriction in the 1929 Deed of Dedication and in the 1934 Deed of Resubdivision created a neighborhood of homes constructed on substantial parcels of land. With only two exceptions, all of the properties in Section 2 of Country Club Hills are single lots improved with one dwelling. This overall scheme of development indicates that the "one-dwelling" covenant was intended to restrict development to one dwelling per lot.

The defendant relies in part on the Virginia Supreme Court's opinion in *Friedburg v. Riverpoint Building Committee*, 218 Va. 659 (1977). The Friedburgs owned a single piece of property subject to a one-dwelling per lot covenant. They sought a declaratory judgment permitting subdivision of their property and construction of another house on one of the newly created parcels. The Supreme Court found that the one-dwelling per lot covenant prohibited the Friedburgs from erecting a dwelling on one of the new parcels. The Court did not rule against resubdivision for the purpose of enlarging their property.

The Supreme Court's ruling in *Friedburg* is factually distinguishable from the present case, and the Court is not persuaded by the defendant's reliance upon it. The Friedburgs attempted to resubdivide a single lot, subject to a one-dwelling per lot restriction in order to build another house. In contrast, the Shaws' property has always been platted as two separate lots. The Shaws are not attempting to resubdivide a single lot but rather to relocate

the boundaries of their two lots so that their house sits entirely on one lot. The *Friedburg* decision permits this type of resubdivision.

Construction of a dwelling on lot 223A would comply with the county zoning ordinance. The county zoning ordinance for the Country Club Hills neighborhood requires that any single lot contain at least 10,000 square feet. Lot 223A contains 10,447 square feet and is consistent with the size of the lots in the neighborhood. Additionally, Lot 223A is larger than the square footage required by the original Deed of Dedication.

The Court finds that the "one-dwelling" restrictive covenant applies individually to Lots 222A and 223A rather than to Lots 222A and 223A as a single property. Thus, one dwelling can exist on lot 222A, and one dwelling can be built on lot 223A.

II. *The twenty-foot building restriction line should be measured from the street as built rather than from the street as platted.*

The plat attached to the original Deed of Dedication provided a twenty-foot set-back for each of the lots on North 32nd and North Woodrow Streets. The house proposed for lot 223A would extend over the set-back line if measured from the street as platted but would be well within the line if measured from where the street was actually built. The Court finds that the set-back line should be measured from the street as built.

The building restriction line provided a uniformity in the neighborhood so that houses would not be built on the curbline. The set-back also provided adjoining owners with access to light, air, and a view. The covenant in the original Deed of Dedication required a twenty-foot set-back from the curbline. In the present case, measurement from the platted road would result in a forty-foot set-back from the actual curb, far in excess of the set-back intended. By measuring from the street as built, the intended benefits of the set-back are gained, and the original intent of the grantor is still fulfilled.

As a practical matter, measuring from the street as actually built is the only appropriate method of calculating the proper set-back line. If the road had been

built closer to the Shaws' property rather than farther away, measurement from the road as platted would result in construction of a home up to the actual curbline. In that case, using the platted road as the measuring point would waive all intended benefits of the set-back restriction. Thus, the only logical point of measurement for the set-back line is from the curb as it actually exists.

Measurement of the set-back line from the street as built would comply with county zoning ordinances. The proposed house for lot 223A, at its closest point, would be thirty-six feet from the street. The county ordinance in the neighborhood only requires that a house be set back twenty-five feet from the street. The house proposed for lot 223A would be well within the county's requirements.

The Court finds that the set-back line should be measured from North 32nd Street as it is built today. As such, the proposed house for lot 223A does not violate the building restriction line.

III. *The restriction that any outbuilding may not be nearer than fifty feet from the street line does not apply to a built-in garage.*

The covenant at issue here provides that "no outbuilding shall be erected on this lot except a garage . . . and such garage shall not be nearer than fifty feet from the street line." The Court finds that given the plain meaning, this covenant does not apply to a built-in garage. The Court does not see a need to reach the merits of this argument.

IV. *The minimum cost covenant does not apply.*

The Court incorporates the petitioner's arguments and finds that the minimum cost covenant is not applicable to the present case.